IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT BLANCHARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| ZURICH AMERICAN | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Intervenor Plaintiff, | ) |
| | ) |
| v. | )  CASE NO. 2:20-CV-696-WKW |
| | )  [WO] |
| JERRY DONALD WALKER and | ) |
| ACE AMERICAN INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Jerry Donald Walker's Renewed Motion to Dismiss Plaintiff Robert Blanchard's action against him. (Doc. # 62.) Mr. Walker contends that under Alabama law the statute of limitations bars Mr. Blanchard's claims. He seeks dismissal with prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Because Mr. Walker's Answer preceded the filing of his renewed motion (*see* Doc. # 55), the Renewed Motion to Dismiss is construed as a

Motion for Judgment on the Pleadings.[1]  Plaintiff Robert Blanchard opposes the motion. (Doc. # 64.)  For the reasons to follow, the motion is due to be granted.

According to Mr. Blanchard's governing Complaint, on April 18, 2018, Mr. Walker was driving while intoxicated and hit the front right fender of the tractor-trailer Mr. Blanchard was operating, causing Mr. Blanchard to suffer serious injuries.  Mr. Blanchard brings tort claims for negligence and wantonness against Mr. Walker. (Doc. # 51 (2nd Am. Compl.).)

Subject matter jurisdiction is proper under the court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a).  When subject matter jurisdiction rests on diversity of citizenship, the law of the forum state provides the appropriate statute of limitations. *See Precision Gear Co. v. Cont'l Motors, Inc.*, 135 So. 3d 953, 957 (Ala. 2013) ("As to matters of procedure, . . . Alabama applies its own procedural law, *i.e.*, the law of the forum . . . [, and] in most instances, statutes of limitations are procedural matters."); *Murphy v. McGriff Transp. Inc.*, No. 2:11–cv–02754–RDP, 2012 WL 3542296, at *1 (N.D. Ala. Aug. 15, 2012) (noting that federal courts sitting in

---

[1] A court has discretion to construe a Rule 12(b)(6) motion to dismiss as a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. *See Whitehurst v. Wal-Mart Stores E., L.P.*, 329 F. App'x 206, 208 (11th Cir. 2008). "A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(b)(6)." *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018). Under Rule 12(b)(6), "dismissal on statute of limitations grounds is appropriate if it is apparent from the face of the complaint that the claim is time-barred," *Gonsalvez v. Celebrity Cruises Inc.*, 750 F.3d 1195, 1197 (11th Cir. 2013) (citation and quotation marks omitted), and that equitable tolling does not apply. *See DGB, LLC v. Hinds*, 55 So. 3d 218, 226 (Ala. 2010) (discussing the plaintiff's pleading burden to establish equitable tolling under the "savings clause" in Alabama Code § 6-2-3); *see generally Weaver v. Firestone*, 155 So. 3d 952, 957–68 (Ala. 2013) (discussing equitable tolling in the context of a statute of limitations defense raised by a motion to dismiss).

diversity apply the procedural law of the forum state and that "[i]t is generally recognized in Alabama that statutes of limitations are procedural"). The statute of limitations governing Mr. Blanchard's negligence and wantonness claims is two years. *See* Ala. Code § 6-2-38(l) ("All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years."); *see also Ex parte Capstone Building Corp.*, 96 So. 3d 77, 88 (Ala. 2012) ("[W]antonness claims are governed by the two-year statute of limitations now embodied in § 6-2-38(l)."); *Davison v. Pogue*, 735 So. 2d 1240, 1242 (Ala. Civ. App. 1999) ("[The] two-year limitations period applies to actions based upon collisions arising from alleged negligence in the operation of a motor vehicle."). "The statute of limitations begins to run from the time the plaintiff's cause of action accrues, and there is no 'discovery rule' for negligence claims that would toll the running of the statute of limitations from the time the cause of action was 'discovered' by the plaintiff." *Singer Asset Fin. Co. v. Conn. Gen. Life Ins. Co.*, 975 So. 2d 375, 382 (Ala. Civ. App. 2007). "A cause of action 'accrues' as soon as the party in whose favor it arises is entitled to maintain an action thereon." *Smith v. Medtronic, Inc.*, 607 So. 2d 156, 159 (Ala. 1992). A party is entitled to maintain a tort action "when the force wrongfully put in motion produces injury . . . ." *Stephens v. Creel*, 429 So. 2d 278, 281 (Ala. 1983) (citation omitted). "At the time of the first legal injury, the period of limitations begins to run, whether

or not the full amount of damages is apparent." *Smith*, 607 So. 2d at 159. The parties do not quarrel over these general propositions of law.

The application of the statute of limitations to Mr. Blanchard's tort claims arising from the motor vehicle collision is straightforward. The statute of limitations is two years. *See* Ala. Code § 6-2-38(l). The two-year statute of limitations began to run on April 18, 2018, because on that date Mr. Blanchard suffered injuries in the motor vehicle collision. The accrual date is April 18, even if the full extent of his injuries was not apparent at the time of impact. *See Smith*, 607 So. 2d at 159. Mr. Blanchard filed this action on September 2, 2022. More than two years passed between the accrual of his tort action—April 18, 2018—and the filing of this lawsuit on September 2, 2022. Therefore, Mr. Blanchard's tort action against Mr. Walker is time barred.

Mr. Blanchard's arguments against application of the statute of limitations are tied to a substantially identical lawsuit he previously filed in this court. *See Blanchard v. Walker*, 2:20cv265-WKW (M.D. Ala. filed Apr. 17, 2020) ("*Blanchard I*"). Mr. Blanchard contends that, because he timely filed *Blanchard I* and because he refiled the present lawsuit one business day after this court dismissed *Blanchard I* without prejudice, this lawsuit also is timely under the applicable statute of limitations. Although he cites no authority, Mr. Blanchard's theory is that these two actions against Mr. Walker amount to one continuous action: "Blanchard's case, whether docketed under this suit number or in Civil Action No. 20-cv-265, has at all

4

times been pending before this Court since April 17, 2020.  The statute did not run for passage of time." (Doc. # 64, at 1–2.)  The argument is creative, but it does not accurately state the law.

Mr. Blanchard's focus on *Blanchard I*'s dismissal being without prejudice is misplaced for two reasons.  First, "a suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed." *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000) (citing, among other cases, *Dade County v. Rohr Indus., Inc.*, 826 F.2d 983, 989 (11th Cir. 1987)).  In *Elmore*, a plaintiff filed a lawsuit within the applicable statute of limitations period. *Id.* at 1010.  The district court dismissed the plaintiff's action without prejudice, due to misjoinder, and the plaintiff refiled his claims in a separate suit. *Id.* at 1011.  The refiled suit was then dismissed with prejudice because on the date of its refiling, the statute of limitations period had expired. *Id.*  On appeal from the dismissal of the refiled suit, the plaintiff argued that "because the original suit was timely, his second suit should have been treated simply as a continuation of the original suit . . . ." *Id.*  The Seventh Circuit rejected the argument:

> The filing of a suit stops the running of the statute of limitations, though only contingently. . . . [I]f the suit is dismissed without prejudice, meaning that it can be refiled, then the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing.

*Id.* (collecting cases).

5

The Seventh Circuit's decision in *Elmore* exposes the flaw in Mr. Blanchard's theory. Under *Elmore*, a dismissal without prejudice of an original lawsuit does not extend the statute of limitations upon the refiling of the lawsuit. When the suit is refiled, the accrual date does not change, and the statute of limitations clock gains no additional time. It is as if the first suit was never filed.

Second, and more fundamentally, Mr. Blanchard's argument erroneously assumes that the dismissal without prejudice in *Blanchard I* permitted him to refile this action. It did not. "[A] dismissal without prejudice is tantamount to a dismissal with prejudice when the dismissal has the effect of precluding a party from refiling his claim due to the running of the statute of limitations." *Parrish v. Ford Motor Co.*, 299 F. App'x 856, 862 (11th Cir. 2008) (citing *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. Unit B 1981)). *Blanchard I* was dismissed on August 31, 2020. By August 31, the two-year statute of limitations already had run on Mr. Blanchard's claims; hence, the applicable statute of limitations, Ala. Code § 6–2–38(l), barred any subsequent action, absent a basis for applying equitable tolling.

Under Alabama law, "equitable tolling is available in extraordinary circumstances that are beyond the petitioner's control and that are unavoidable even with the exercise of diligence." *Weaver v. Firestone*, 155 So. 3d 952, 958 (Ala. 2013) (citation and quotation marks omitted). Mr. Blanchard bears the burden of demonstrating facts that support equitable tolling. *See id.*; *see also McConico v. Patterson*, 204 So. 3d 409, 420 (Ala. Civ. App. 2016) (affirming the judgment of the

trial court dismissing the claims as time-barred because the complaint did not allege facts that justified the application of the doctrine of equitable tolling). Mr. Blanchard has not alleged or argued facts that support equitable tolling here.

First, his initial lawsuit was dismissed because he did not comply with the court's orders to correct the deficient jurisdictional allegations, notwithstanding that he was given three opportunities to do so and was provided a clear warning that dismissal of his lawsuit was imminent if he did not comply. *See Blanchard I*, ECF Nos. 7, 13, 17, 19. Mr. Blanchard has failed to show that the dismissal was beyond his control or that the exercise of diligence could not have saved his suit from dismissal.

Second, in an earlier filing in this case, Mr. Blanchard argued that dismissal is improper because in *Blanchard I* he did not receive email notifications regarding the court's orders setting and extending deadlines to file his motion for leave to amend his complaint and because the COVID-19 pandemic "shut down the court" in "Louisiana (and in all likelihood Alabama as well)" for months. (Doc. # 34, at 3.) These arguments were considered and rejected in *Blanchard I*, *see Blanchard I*, ECF Nos. 22, 26, and Mr. Blanchard will not be permitted to reassert those arguments in this suit as grounds for equitable tolling of the statute of limitations.

Mr. Blanchard also has not cited any authority to support equitable tolling of the statute of limitations during the COVID-19 pandemic. To the contrary, the Alabama Supreme Court established at the start of the COVID-19 pandemic that it

did not have the authority to extend the statute of limitations for state law claims. *See, e.g.,* Alabama Supreme Court, *In re*: COVID-19 Pandemic Emergency Response, Administrative Order Suspending All In-Person Court Proceedings for the Next Thirty Days (Mar. 13, 2020), at 2 ("This Court cannot extend any statutory period of repose or statute of limitations period."); Alabama Supreme Court, *In re*: COVID-19 Pandemic Emergency Response, Administrative Order No. 3 (Mar. 17, 2020) ("[T]his Court's order shall not be interpreted as extending any statutory period of repose, any statute of limitations, or jurisdictional limitations provided for by statute or rule.").[2]

With no circumstances supporting equitable tolling, the dismissal without prejudice in *Blanchard I* was in effect a dismissal with prejudice. Mr. Blanchard's recourse was to appeal the final judgment in *Blanchard I*. He did not appeal the dismissal after his post-judgment motion to reopen the case was unsuccessful. *See Parrish*, 299 F. App'x at 860 ("Where a voluntary dismissal purportedly without prejudice contains a condition that amounts to legal prejudice to the plaintiff, . . . that dismissal is appealable like a dismissal with prejudice.").

For the foregoing reasons, Mr. Blanchard's action against Mr. Walker is barred by the statute of limitations. Accordingly, Mr. Walker's Motion for Judgment

---

[2] *See* Alabama Judicial System, COVID-19 Updates: Administrative Orders, https://judicial.alabama.gov/announcement/covid_19 (last visited Aug. 9, 2022). Judicial notice may be taken of these administrative orders as documents in the public record without converting the motion to dismiss to a motion for summary judgment. *See Spechler v. Tobin*, 591 F. Supp. 2d 1350, 1357 (S.D. Fla. 2008), *aff'd*, 327 F. App'x 870 (11th Cir. 2009).

on the Pleadings (Doc. # 62) is GRANTED, and Mr. Blanchard's action against Mr. Walker is DISMISSED with prejudice.

It is unclear whether there is anything left to decide in this case. What remains is as follows. First, Mr. Blanchard has a claim against Ace American Insurance Company ("Ace"). Ace issued a policy of underinsured motorist coverage to Mr. Blanchard's employer. Mr. Blanchard alleges that he was insured under the policy and that Ace breached the insurance contract by not paying for his "bodily injuries and damages." (Doc. # 51, at 4.) Second, Zurich American Insurance Company ("Zurich") seeks reimbursement "out of the proceeds of any [of Mr. Blanchard's] recovery" for workers' compensation benefits it has paid to Mr. Blanchard. (Doc. # 45, at 2.) No party has filed a motion yet addressing these claims; hence, at this time, this action proceeds as to Mr. Blanchard's claim against Ace and as to Zurich's Complaint in Intervention. If any party deems the dismissal of Mr. Blanchard's claims against Mr. Walker dispositive of other claims, that party shall file an appropriate motion with a supporting brief **on or before August 30, 2022**.

DONE this 10th day of August, 2022.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE
