IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ZURICH AM. INS. CO., ) | |
| ) | |
|    Intervenor Plaintiff, ) | |
| ) | Case No. 2:20-cv-696-RAH |
| v. ) | [WO] |
| ) | |
| JERRY DONALD WALKER, *et al.*, ) | |
| ) | |
|    Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

## **I. INTRODUCTION**

Anyone familiar with "Hannibal" will recall the titular character's use of kholodet with anchovies (a Ukranian aspic you might call a fish gelatin mold) as an allusion to a great chase; several hunters trailing one another, no one sure at a given moment who is pursuing whom. The basis of the remaining claims here seems easy enough: a workers' compensation carrier seeks to protect its subrogation interest and collect reimbursement of the benefits it paid out to the injured employee of its insured. If only the current parties had made it so simple.

Now, 43 months after Intervenor-Plaintiff Zurich American Insurance Company moved to intervene, which the parties did not object to back in 2020, and after all of Plaintiff Robert Blanchard's claims were dismissed without any financial recovery, Defendant Jerry Donald Walker moves to dismiss Zurich's claims against him. Zurich resists. Because Zurich's claims are moot and time barred, they will be dismissed.

1

## II. BACKGROUND

A case like this would ordinarily proceed on a linear and straightforward path. Reader beware; twists and turns abound in this record. It all started in 2018, when Walker allegedly caused a motor vehicle collision, injuring Blanchard. (Doc. 51 at 2.) Blanchard sued Walker and the underinsured motorist carrier (Ace American Insurance Company) for Blanchard's employer (Linden Bulk Transportation). (*Id.* at 3–4.) Linden had workers' compensation insurance coverage through Zurich under a policy written and administered in Louisiana, and Zurich paid out benefits to Blanchard after the motor vehicle collision, including indemnity and medical. (*Id.*; doc. 45.) Zurich intervened in this suit to protect its subrogation interest or seek reimbursement "out of the proceeds of any recovery from the Defendants" for workers' compensation benefits it has paid to Blanchard. (Docs. 40 & 45.) The parties did not object to the intervention. (Doc. 40.) The court later concluded that Blanchard's action against Walker was barred by the statute of limitations, so it dismissed Blanchard's claims against Walker. (Doc. 65 at 8–9.)

After that, it was "unclear whether there [was] anything left to decide in this case." (*Id.* at 9.) What remained was Blanchard's underinsured motorist claim against Ace American, and Zurich's claim for "reimbursement 'out of the proceeds of any [of Mr. Blanchard's] recovery' for workers' compensation benefits it has paid to Mr. Blanchard." (*Id.* (quoting doc. 45 at 2).)

The parties were ordered to file a motion on or before August 30, 2022, if any of them thought the dismissal of Blanchard's claims against Walker were "dispositive of other claims[.]" (Doc. 65 at 9.) No party filed anything. Blanchard then pursued an interlocutory appeal which the Eleventh Circuit Court of Appeals ultimately denied for want of jurisdiction. (Doc. 80.) The litigation continued in this Court.

The parties pretty much ignored Zurich throughout the case and settled Blanchard's remaining claim against Ace American after Blanchard's unsuccessful appeal. (Docs. 91 & 93.) Zurich did not take much, if any, action throughout the case to protect or pursue its interests either. Look no further than the *Notice of Settlement*, in which Ace American said it "hereby notifies the Court that the parties have reached a settlement of the disputes pending in this case." (Doc. 91 at 1.)

The parties were then ordered to file their stipulation of dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (Doc. 92.) Blanchard and Ace American filed a *Joint Stipulation of Dismissal* and "respectfully request[ed] that his Honorable Court enter an order dismissing this case, with prejudice, costs taxed as paid." (Doc. 93.) Recognizing not all remaining parties who appeared in the case signed the stipulation of dismissal, as the Eleventh Circuit requires for a valid dismissal under Rule 41(a)(1)(A)(ii), the Court ordered the parties to resubmit their stipulation "with an affirmative acknowledgment by" Zurich as to whether it agreed to the dismissal. (Doc. 94.) They did, and they "respectfully request[ed] that this Honorable Court enter an order dismissing this case, with prejudice, costs taxed as paid, except as to [Zurich's] claims against Jerry Donald Walker." (Doc. 95.) Ace American, Blanchard, and Zurich signed the stipulation. (*Id.*) The Court then dismissed the case with prejudice "on the terms agreed to and set out by the parties." (Doc. 96.)

After that, Zurich moved to reconsider the order of dismissal and asked that the case be reopened so it could "pursue its claims against Defendant, Jerry Donald Walker." (Doc. 97 at 2.) The Court held a hearing on the motion and then reopened the case for the parties to litigate the claims Zurich brought in its Intervenor Complaint. (Doc. 100.) Zurich's Intervenor Complaint is three pages long and "joins in [Blanchard's] demands for damages and a judgment against Defendants to the extent of its right to reimbursement and exoneration of the provisions of the

3

Louisiana Workers' Compensation Act, and prays judgment be rendered in favor of" Blanchard and Zurich.  (Doc. 45 at 2.)

Remember that at this point Blanchard's action against Walker was dismissed with prejudice because his claims were time barred, Ace American and Blanchard had settled their dispute with Zurich's consent (although they represented to the Court that they settled the "disputes pending in this case" which sounds like all disputes in the case), and Blanchard was dismissed as a party because all of his claims were resolved.

Shortly after the case was reopened, Zurich filed a status report and said Walker's counsel "was under the belief that the earlier dismissal of" Blanchard's claims against Walker "totally dismissed all claims against Walker."  (Doc. 102 at 1.)  Zurich disagreed because it thinks "an intervenor is given additional time to file within the statute of limitations," so it asked for additional time to resolve the disputed lien totals of $362,958.53 with Walker.  (*Id.*)  The Court held another hearing and ordered the parties to respond to Zurich's Intervenor Complaint because they failed to do so in the 30 months that had passed from the date Zurich filed it.  Walker then moved to dismiss Zurich's claims for failure to state a claim.  (Doc. 107.)

In its Intervenor Complaint, recall that Zurich joined Blanchard's demands and asked for relief against all Defendants.  (Doc. 45 at 2.)  When it asked to reopen the case, it sought relief against only Walker.  (Doc. 97.)  So Ace American filed a response to the Court's order stating it "believed itself dismissed from the case in all respects" following the Court's order of dismissal (doc. 96), and because Zurich's counsel wrote in an email to Ace American's counsel that it "cannot get any part of" the settlement between Blanchard and Ace American.  (Doc. 111 at 2.)  Zurich also responded and said, "It is not believed that Ace American Insurance Company remains in the lawsuit as a party."  (Doc. 113 at 1.)

4

### III. STANDARD OF REVIEW

Walker moves to dismiss Zurich's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). In deciding a Rule 12(b)(6) motion, a court considers only the allegations contained in the complaint and any attached exhibits. *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016). A Rule 12(b)(6) motion tests the sufficiency of the complaint against the legal standard set forth in Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The court must take "the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. But if the facts in the complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief,'" and the complaint must be dismissed. *Id.* (alteration adopted) (citing Fed. R. Civ. P. 8(a)(2)).

### IV. DISCUSSION

For the sake of clarity, Zurich, Blanchard, and Walker are the only parties that matter to this analysis. Zurich wrote a short, catch-all Intervenor Complaint seeking relief against all Defendants in the case, but the applicable statutes in both Alabama

and Louisiana allow Zurich to recover only from Walker (the third-party tortfeasor) or his insurer (who is not a party), not Ace American (Linden's underinsured motorist carrier). *See* Ala. Code § 25-5-11; La. Stat. Ann. §§ 23:1101–02. To the extent the Intervenor Complaint purports to state a claim against Ace American, that claim will be dismissed.

On then to Zurich's intervenor claims against Walker. Walker argues that because there is no longer a live case in which Zurich can protect its subrogation interest or right of reimbursement, Zurich's Intervenor Complaint fails to state a claim against Walker. He is right, of course.

True, in both Alabama and Louisiana, workers' compensation insurance carriers may intervene in a third-party action to protect their subrogation interests or rights of reimbursement. *See Millers Mut. Ins. Ass'n v. Young*, 601 So. 2d 962, 963 (Ala. 1992); La. Stat. Ann. § 23:1102(A)(1). But "[u]nder Article III of the Constitution, federal courts may only hear 'cases or controversies.'" *Frulla v. CRA Holdings, Inc.*, 543 F.3d 1247, 1250 (11th Cir. 2008) (citation omitted). "The doctrine of mootness, which evolved directly from Article III's case-or-controversy limitation, provides that 'the requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" *Id.* at 1251–52 (quoting *Tanner Adver. Group, L.L.C. v. Fayette Cnty., Ga.*, 451 F.3d 777, 785 (11th Cir. 2006) (*en banc*)). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (cleaned up). And the Eleventh Circuit has "held that a case must be dismissed as moot if events that occur subsequent to the filing of a lawsuit . . . deprive the court of the ability to give the plaintiff . . . meaningful relief." *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1267 (11th Cir. 2020) (cleaned up).

On a hunt for a few dollars, Zurich trailed Blanchard into this lawsuit, blithely unaware of the fact that the statute of limitations barred Blanchard's action. The dismissal of Blanchard's action against Walker mooted Zurich's intervenor interests in subrogation or reimbursement because Zurich's financial recovery was predicated on Blanchard achieving a financial recovery from Walker. Blanchard achieved no such recovery. Zurich itself alleged that it was "entitled to reimbursement and exoneration of the proceeds of any recovery from Defendants," which only follows Blanchard's receipt of proceeds through either a favorable judgment or a settlement between Blanchard and Walker. (Doc. 45 at 2.) Since there were neither, the Court cannot provide Zurich with meaningful relief when measured against the relief it seeks in the Intervenor Complaint. Zurich's claims against Walker no longer present a live case or controversy, and they are due to be dismissed on that basis.

Usually, the analysis could and would stop there. But in response to Walker's motion to dismiss, Zurich contends that its Intervenor Complaint brings an independent action against Walker, separate from Blanchard's action. It needs to be dispelled of that notion. The issue for Zurich, like Blanchard, is one of timing. Zurich and Walker squabble over the statute of limitations. Zurich says, assuming its Intervenor Complaint presents an independent action, that its claims were timely brought. Walker says they were not. Even if the Intervenor Complaint were construed liberally—more like contorted beyond its own terms—it is untimely as an independent action anyway.

This case comes under diversity jurisdiction, so Alabama law, as the law of the forum state, provides the appropriate statute of limitations for Zurich's claims—just as it did for Blanchard's claims. *See Precision Gear Co. v. Cont'l Motors, Inc.*, 135 So. 3d 953, 957 (Ala. 2013) ("As to matters of procedure, . . . Alabama applies its own procedural law, i.e., the law of the forum . . . [, and,] in most instances, statutes of limitations are procedural matters."); *Randolph v. Tennessee Valley Auth.*,

7

792 F. Supp. 1221, 1222 (N.D. Ala. 1992) (applying the forum state's statute of limitations in a diversity case, and stating that "it is generally recognized in Alabama that statutes of limitations are procedural").

"The statute of limitations begins to run from the time the plaintiff's cause of action accrues, and there is no 'discovery rule' for negligence claims that would toll the running of the statute of limitations from the time the cause of action was 'discovered' by the plaintiff." *Singer Asset Fin. Co. v. Conn. Gen. Life Ins.*, 975 So. 2d 375, 382 (Ala. Civ. App. 2007). "A cause of action 'accrues' as soon as the party in whose favor it arises is entitled to maintain an action thereon." *Smith v. Medtronic, Inc.*, 607 So. 2d 156, 159 (Ala. 1992). A party has a right to maintain a tort action "when the force wrongfully put in motion produces injury[.]" *Stephens v. Creel*, 429 So. 2d 278, 281 (Ala. 1983) (citation omitted). "At the time of the first legal injury, the period of limitations begins to run, whether or not the full amount of damages is apparent." *Smith*, 607 So. 2d at 159. No one disputes these general statements of law.

The limitations period here is two years for Blanchard's claims against Walker. *See* Ala. Code § 6-2-38(l) ("All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years."); *Davison v. Pogue*, 735 So. 2d 1240, 1242 (Ala. Civ. App. 1999) ("[The] two-year limitations period applies to actions based upon collisions arising from alleged negligence in the operation of a motor vehicle."). Except that "[i]n the event [Blanchard . . . did] not file a civil action against [Walker] to recover damages within the time allowed by law, [Zurich] shall be allowed an additional period of six months within which to bring a civil action against [Walker]

8

for damages on account of [Blanchard's] injury or death." Ala. Code § 25-5-11(d).[1] The "accrual date is April 18, [2018,] even if the full extent of [Blanchard's] injuries was not apparent at the time of impact." (Doc. 65 at 4 (citation omitted).)  Two years from that date was April 18, 2020.  Two years and six months from that date was October 19, 2020.

A bit more history of the case is required.  Before filing this action, Blanchard filed a "substantially identical lawsuit" on April 17, 2020, one day before the limitations period was set to expire. (Doc. 65 at 4); *Blanchard v. Walker*, 2:20-cv-265-WKW (M.D. Ala. filed Apr. 17, 2020) (*Blanchard I*).  The court later dismissed *Blanchard I* without prejudice on August 31, 2020. (Doc. 65 at 6.)  Blanchard then filed this case on September 2, 2020. (Doc. 1.)  The court dismissed Blanchard's claims against Walker as time barred because the limitations period had run by the time he filed his Complaint, and Blanchard failed to assert adequate grounds for equitable tolling. (Doc. 65 at 5–8 (noting "a suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed" (citations omitted).)  Blanchard's only recourse was to appeal the final judgment in *Blanchard I*, not file this lawsuit. (*Id.* at 8.)  What does that have to do with Zurich?  Well, because Zurich followed Blanchard into this lawsuit as an intervenor, Zurich also missed the window of opportunity to timely bring an independent action against Walker.

Since the law "has the effect of placing the parties in a position as if [*Blanchard I*] had never been filed[,]" *Dade Cnty. v. Rohr Indus. Inc.*, 826 F.2d 983, 989 (11th Cir. 1987) (citation omitted), the dismissal without prejudice of *Blanchard I* meant that Blanchard never filed "a civil action against [Walker] to recover

---

[1] Louisiana, by contrast, has an even shorter limitations period that includes a notice requirement. *See Patterson v. Corvel Corp.*, No. 21-cv-1305, 2021 WL 4047391, at *2, 4 (W.D. La. Aug. 12, 2021) ("A Louisiana tort claim has a one-year prescriptive period."); La. Stat. Ann. § 23:1102.

damages within the time allowed by law[.]" Ala. Code § 25-5-11(d). The court recognized that when it dismissed Blanchard's action against Walker in this lawsuit. (Doc. 65 at 8–9.) Zurich had until October 19, 2020, to file its own action against Walker, but it did not.

Nevertheless, Zurich still resists and advocates for an application of the six-month extension period that is not supported in law or fact. It believes *Blanchard I* somehow tolled the extra six-month period and gave it another 136 days to file suit against Walker, and because it intervened in this case within that period, its claims against Walker are timely. That is just not right. To start, Zurich's only support for its proposition are two inapposite Alabama Supreme Court cases that discuss tolling principles in the context of class actions.[2] They do not help, and Zurich does not even try to explain how they support its position. And crucially, Zurich, under the plain language of Ala. Code § 25-5-11(d), had until October 19, 2020 (two years and six months from April 18, 2018), to bring its action against Walker, either inside an untimely lawsuit brought by Blanchard or in a separate lawsuit if Blanchard filed no lawsuit at all. October 19, 2020, was the key date for Zurich, and it clearly missed the deadline when it waited until November 5, 2020 (doc. 4) to seek leave to file an intervenor complaint.[3]

This case is the quintessential example of what happens when you sit on your hands. *Blanchard I* was dismissed because the parties essentially ignored the case, and that ultimately spelled demise for Blanchard's claims against Walker here. (Doc. 65 at 7.) Although Zurich moved to intervene in *Blanchard I*, nothing in the record shows it diligently pursued its interests. After the dismissal, Zurich's

---

[2] *Burdeshaw v. White*, 585 So. 2d 842 (Ala. 1991); *White v. Sims*, 470 So. 2d 1191 (Ala. 1985).

[3] The Court takes no position on whether Zurich's filing date is measured by the date it sought leave or the date it actually filed the Intervenor Complaint because both dates fall after October 19, 2020.

recourse was to file an independent action against Walker within the allotted six months. Ala. Code § 25-5-11(d). It did not do that either, and the Court cannot save the parties from themselves. You cannot win a chase when you do not even make it past "go."

## V. CONCLUSION

For these reasons, it is **ORDERED** that Defendant Jerry Donald Walker's *Motion to Dismiss* (doc.107) is **GRANTED**. The Intervenor Complaint (doc. 45) is **DISMISSED**. The Clerk of Court is **DIRECTED** to close the case.

**DONE** on this the 11th day of June 2024.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE